**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

RICHARD FROST,                                    :
3545 Eakin Rd.                                    :
Columbus, OH 43204,                               :       Civil Action No.
                                                  :
          Plaintiff,                    :
                                                  :
    v.                              :       JUDGE
                                                  :
                                                  :
                                                  :       MAGISTRATE JUDGE
                                                  :
                                                  :
OFFICER COURTLAND FISHER, in his                  :
individual and official capacities,               :
Franklin Township Police Department               :
2193 Frank Road                                   :
Columbus, OH  43223,                              :
                                                  :
     and                       :
                                                  :
OFFICER GEORGE  SHEVKIN, in his                   :
individual and official capacities,               :
Franklin Township Police Department               :
2193 Frank Road                                   :
Columbus, OH  43223,                              :
                                                  :
     and                       :
                                                  :
OFFICER David Woodie, in his                      :
individual and official capacities,               :
Franklin Township Police Department               :
2193 Frank Road                                   :
Columbus, OH  43223,                              :
                                                  :                              :
     and                       :
                                                  :
Franklin Township                                 :
2193 Frank Road                                   :
Columbus, OH 43223                                :
          Defendants.                 :

1

## COMPLAINT

### I.   PRELIMINARY STATEMENT

1.      Plaintiff Richard Frost brings this action because Defendants Courtland Fisher, David Woodie, and George Shevkin, acting pursuant to the policies, practices, and customs of Franklin Township for its Police Department, violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution when, even though he was not suspected of a violent crime, did not appear to be armed, and, after being thrown to the ground, had ceased any resistance, they continued to beat him, causing Mr. Frost to suffer severe injuries including a dislocated shoulder.

### II.   JURISDICTION

2.      This Court has jurisdiction over this action by virtue of 28 U.S.C. §§ 1331 (federal question); and 1343 (civil rights);

3.      Declaratory, equitable, and injunctive relief is sought pursuant to 28 U.S.C. §§ 2201; 2202; and 42 U.S.C. § 1983.

4.      Compensatory and, against Defendants Fisher, Shevkin, and Woodie, punitive damages may be awarded under 42 U.S.C. § 1983.

5.      Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. § 1988, and Fed. R. Civ. P. 54.

6.      Venue lies in this forum pursuant to 28 U.S.C. § 1391(b) and S.D. Civ. R. 82.1 because the claims arose in Franklin County, Ohio.

### III.   PARTIES

7.      Plaintiff, a male, is a resident of Columbus, Ohio, stands 6'1", and weighs 200 pounds.

8.      Defendant Franklin Township Trustees, sued in their official capacity, govern Franklin Township, a political subdivision of the State of Ohio pursuant to Chapter 2744, Ohio Revised Code, which is located in Franklin County, and was, at all times material to this

Complaint, the employer of Defendants Fisher, Woodie, and Shevkin and established policies on and trained and supervised those Defendants and its other police officers in the use of physical force.

9.      Defendant Courtland Fisher, a male, was, at all times material to this Complaint, employed by Franklin Township in its Police Department; is being sued in his individual and official capacities; received training by or on behalf of Franklin Township in the use of physical force; and was subject to being supervised and disciplined by Franklin Township when excessive force was used.

10.      Defendant George Shevkin, a male, was, at all times material to this Complaint, employed by Franklin Township in its Police Department; is being sued in his individual and official capacities; received training by or on behalf of Franklin Township in the use of physical force; and was subject to being supervised and disciplined by Franklin Township when excessive force was used.

11.      Defendant David Woodie, a male, was, at all times material to this Complaint, employed by Franklin Township in its Police Department; is being sued in his individual and official capacities; received training by or on behalf of Franklin Township in the use of physical force; and was subject to being supervised and disciplined by Franklin Township when excessive force was used.

12.      Defendant Franklin Township is a political subdivision of the State of Ohio pursuant to Chapter 2744, Ohio Revised Code; reached through Defendant Trustees, who are named only in their official capacity and sue-and-be-sued status under O.R.C. §305.12, is a unit of local government established under the laws of the State of Ohio; and, at all material to this Complaint, was a "person" under 42 U.S.C. §1983; acted under color of law; the employer of Defendants Woodie, Fisher, and Shevkin; and established policies on and trained and supervised Defendants Woodie, Fisher, and Shevkin and other members of Franklin Township's law enforcement team in the use of physical force during an investigation and arrest and in how to

3

write reports describing use of force and determined when excessive force was used and/or reports fabricated or misleading and the discipline for such misconduct.

## IV.    FACTS

13.    On the evening of December 7 2017, Plaintiff Richard Frost ("Mr. Frost") returned to his home after working all day as an electrician.

14.    Upon his return from work at about 4:00 p.m., Mr. Frost relaxed by drinking beer. He consumed his final beer of the evening at 6:00 p.m.

15.    Mr. Frost consumed approximately five, 15-ounce tall boy beers, out of the twelve pack of beers he purchased.

16.    Mr. Frost regularly consumes that many or more beers each day after work and has a tolerance to alcohol.

17.    Based on Mr. Frost's size, and alcohol tolerance, he was not experiencing the effects of the beer he had consumed.

18.    Mr. Frost's speech was not slurred, and his movements were not affected by the alcohol.

19.    About an hour later, Mr. Frost left his home to buy dinner at a nearby restaurant.

20.    On his way to dinner, Mr. Frost received a call informing him that his estranged wife was going to his home to "clean him out." Mr. Frost's wife, who has lived separately from him for five years, has on occasion gone to Mr. Frost's residence to take property from his home.

21.    Upon receiving the call, Mr. Frost went immediately back to his home to stop his estranged wife from removing any property from his home.

22.    When Mr. Frost returned home, he saw an unfamiliar truck parked across the street. Believing the truck belonged to his estranged wife, Mr. Frost walked over to investigate the truck.

23.    When he arrived at the truck, Mr. Frost saw a battery pack sitting in the back of the truck. The battery back was a similar model to one that Mr. Frost owned.

24.    Mr. Frost reasonably believed that the battery pack in the truck was his, and that his estranged wife removed it from his garage.

25.     Mr. Frost removed the battery pack from the truck and returned to his nearby home.

26.     At 7:30 p.m. Mr. Frost's neighbor, Ryan Barnhill, called the police to report theft in progress, the theft being Mr. Frost mistakenly removing the battery pack from Mr. Barnhill's truck.

27.     After making the call to the police, Mr. Barnhill approached Mr. Frost, and informed him that the battery pack belonged to him.

28.     Shortly thereafter Defendants Fisher, Woodie, and Shevkin arrived in response to Mr. Barnhill's call.

29.     When Defendants Fish, Woodie, and Shevkin arrived at Mr. Frost's home, Mr. Barnhill had already left the scene, and Mr. Frost was standing in his driveway alone.

30.     Before the event, or at any time after  Mr. Frost has not been convicted of any crime of violence, and was not known to the Defendant officers, to carry a weapon or be a danger.

31.     When Defendants Fisher, Woodie, and Shevkin arrived, Mr. Frost was standing in his driveway. He spoke with the officers regarding the battery pack.

32.     After a brief conversation with Defendants, Mr. Frost intended to enter his home to retrieve the battery pack.

33.     Mr. Frost, who at the time was in his driveway, decided to jump over his fence so that he could enter his home through the unlocked back door.

34.     The entrance to Mr. Frost's home is several yards away from his detached garage and driveway, where he and the officers were speaking.

35.     As Mr. Frost went in to his own backyard, Defendants Fisher, Woodie, and Shevkin gave chase. The three officers reached Mr. Frost around the same time, while he was still in his backyard and had not reached the back door.

36.     While chasing Mr. Frost none of Defendant Officers shouted orders for him to stop, or that he was under arrest.

37.     After reaching Mr. Frost, Defendants Fisher, Woodie, and Shevkin grabbed him and threw him to the ground in a forceful manner.

38.     After being thrown to the ground, Mr. Frost was lying face down in his backyard.

39.     As Defendants Fisher, Woodie, and Shevkin jumped on his back, and stomped on his head and shoulder.

40.     While stomping on Mr. Frost, the officers did not instruct him to turn over, lay still, or stop resisting.

41.     At no point after he was taken down did Mr. Frost fight or resist Defendants Fisher, Woodie, and Shevkin.

42.     The officers lacked any reason to believe that Mr. Frost had a weapon.

43.     While assaulting Mr. Frost while he was on the ground, one of the Defendant Officers pulled Mr. Frost's arm behind his back with such force that it loudly popped, and Mr. Frost felt extreme pain.

44.     Mr. Frost heard one of the Defendant Officers ask the other two Defendant Officers if they had heard the arm pop.

45.     The popping sound that Mr. Frost and one Defendant Officer heard was Mr. Frost's shoulder dislocating from its socket.

46.     Mr. Frost yelled that the Defendant Officers were hurting him and begged them to let go of his arms, even as they continued to beat him.

47.     Defendants Fisher, Woodie, and Shevkin continued to beat Mr. Frost for several more moments, in spite of his pleas.

48.     After Defendants Fisher, Woodie, and Shevkin stopped beating him, Mr. Frost was brought to his feet. One of the Defendant Officers instructed Mr. Frost to raise his arms, but due to his injuries he could not.

49.     Mr. Frost was then handcuffed and transported to Doctor's West Hospital.

50.     Mr. Frost sustained severe injuries from the incident, including broken ribs and injuries to the arm which was pulled from its socket., and a fractured orbital bone in his face

51.     As a result of his injuries Mr. Frost was unable to work as an electrician for more than ten months following the event.

6

52.     In the reports, Defendant Fisher wrote that a medic was called due to Mr. Frost's level of intoxication. However, a toxicology screening at the hospital taken at 9:30 p.m., approximately two hours after the incident began, showed that Mr. Frost had no detectable alcohol in his system.

53.     Mr. Frost was charged with Theft Without Consent (O.R.C. 2913.02A1), Obstructing Official Business (O.R.C. 292.31), and Resisting Arrest (O.R.C. 2921.33A)

54.     Mr. Frost pled guilty to an amended charge of Disorderly Conduct (O.R.C. 2917.11) in April 2018.

55.     Mr. Frost was sentenced to a suspended $50.00 fine, and suspended 30 days in jail. All other charges against him were dismissed.

56      All of the said acts alleged herein were done by Defendants Fisher, Woodie, and Shevkin within the scope of their employment; under color of state law; and recklessly, wantonly, in bad faith and/or maliciously.

57.     Before December 7, 2017, Franklin Township knew from previous experience with its Police Officers that they would use force to subdue subjects and more than occasionally do so excessively as they got caught up in the excitement of the moment, especially when a chase on foot was involved; they believed they had been treated disrespectfully; and they wanted to teach the suspect a lesson.

58.     Before December 7, 2017, Franklin Township did not provide training about, adopt and effectively disseminate clear and specific policies regarding, or adequately supervise or discipline for use of excessive force in situations where its officers got caught up in the excitement of the moment, especially when a chase on foot was involved; they believed they had been treated disrespectfully; and wanted to teach the suspect a lesson.

59.     Franklin Township was deliberately indifferent in the training, adoption and dissemination of policies, supervision, and discipline of its officers for using force, especially when they are caught up in the excitement of the moment, particularly when a chase on foot was involved; they believed they had been treated disrespectfully; and they wanted to teach the suspect

a lesson, and the inadequacy of the training, adoption, dissemination of policies, supervision, and discipline caused the injuries Mr. Frost suffered.

## V.  CLAIM FOR RELIEF: VIOLATION OF FOURTH AND FOURTEETH AMENDMENTS

60.     Paragraphs 1 through 59 above are realleged and incorporated herein.

61.     By using excessive force during the arrest of Mr. Frost, Defendants Fisher, Woodie, and Shevkin violated Plaintiff's privacy and bodily integrity protected by the Fourth and Fourteenth Amendments.

62.     By its deliberate indifference to the policies, training, supervision, and discipline needed to prevent its police officers from using excessive force in circumstances similar to those involving Plaintiff, Franklin Township caused Plaintiff's deprivation of civil rights and injuries and thereby violated the Fourth and Fourteenth Amendments.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally,

a.     declaring that they have violated his civil rights;

b.     ordering such equitable relief as will make him whole for Defendants' unlawful conduct; costs; and reasonable attorneys' fees;

c.     awarding compensatory and, against Defendants Fisher, Woodie, and Shevkin, punitive damages, both in excess of $25,000; and

d.     granting such other relief as the Court may deem appropriate.

Respectfully submitted,

*/s/ Sean L. Walton*
Sean L. Walton (0088401)
Chanda L. Brown (0081076)

8

WALTON + BROWN, LLP
395 E. Broad Street, Suite 200
Columbus, Ohio 43215
T: (614) 636-3476
F: (614) 636-3453
swalton@waltonbrownlaw.com
cbrown@waltonbrownlaw.com
*Attorneys for Plaintiff*